Brian K. Melton

#1052738

Relator

v.

Sitting Judge of the 354th,

District Court.

In his offical Capacity

Respondent

RECEIVED IN
The Court of Appeals
Sixth District

AUG 0 7 2015

Texarkana, Texas
Debra Autrey, Clerk

§
§ Cause number(s) #20,570 and #20,572
§ 06-15-00140-CR
§ In the 354th Judicial District Court,
§ Hunt County, FILED TEXAS.
§
§ The Court of Appeals
§ Sixth District
§
§ AUG 0 7 2015
§
§ Texarkana, Texas
§ Debra K. Autrey, Clerk

Petition for Application for Writ of Mandamus

( on motions for Judgment Nunc Pro Tunc )

(Cause number(s) #20,570 and #20,572 )

To Honorable Judge of Said Court: Comes now Brian K. Melton #1052738, Relator Pro-se, in the above styled numbered Causes, and files the Petition for Writ of Mandamus with this Court of Appeals, Pursuant to Tex. R. of APP. Proc. Rule 23.1 (Clerical error) due to the following........

### · HISTORY ·

Relator was Charged with (2) two Seperate offenses of Buclary of A Habitation by indictment from the 354th District Court, of Hunt County, Texas., in the above styled Cause number(s). Pursuant to a Plea Agreement. Relator Agreed to Plead guilty to both offenses for (2) two Seperate (20) twenty-Year Sentences, with 258 day time Credit on each Sentence. Furthermore both Sentences were to run (C.C.) Concurrent with each other (Exhibit-A) On July 05,th 2001, Judge R. Beacom Accepted these Plea Agreements. And Orally Pronounced (2) two-Seperate (20) twenty-Year Sentences, with 258 days time Credit on each Sentence and ordered them to run (CC) Concurrently with each other. At that time the original Plea Agreements mirrored the Sentences Pronounced.

### * No Direct APPEAL was taken *

When Relator was received to T.D.C.J.-I.D. A Sentence Computation was done by TDCJ-ID Records Division, And they only Allowed Partial Credit ordered time Credit. As the full 258 day time Credit would Pre-date both offense Dates. Relator wrote to his Court Appointed Attorney (Mr. Raymond Hopson) no response was given. Relator also filed An "CL-147 Time Resolution Dispute Form" As required under the Texas Government Code § 501.0081. with that denied (Exhibit-C). Relator then filed APPlication for writ of Habeas Corpus (11:07) in each Cause number(s) due to the following reasons...

2-of-10

1) Failure to Abide by Plea; for States inability to Proform __ALL__ elements of the Plea Agreements.

2) Illegal Sentences; As the Sentences was un-Authorized by law (due to time Credit Awarded.).

3) Involuntary Plea; because "ALL" elements of the Pleas were not being fulfilled

4) Ineffective Assistance of Counsel; for recommending Pleas that couldn't be Proformed

(WR 44,431-02 ; WR 44,431-03)

The Court of Criminal Appeals issued a remand Order (Exhibit-D) with order for Specific Finding of Facts and Conclusion of Law regarding these issues raised. On January 08,th 2003 the trial Court issued its Findings (Exhibit-E) and ordered Judgment Nunc Pro Tunc in both Cause #'s (Exhibit-F) "__CHANGING__" Relator's Original Pronounced Sentences of (20) twenty-Years with 258 days time Credit ± to (19) nineteen-Years and (200) two-hundred days with 258 days days time Credit. Further Claiming that Relator was present on January 08,th 2003 with Court Appointed Counsel (Mr. Raymond Hopson) in open Court (Exhibit-F-Pg.2) and agreed to this. Let (Exhibit-G) Prove this Claim false.

The Court of Criminal Appeals denied without a written order both 11:07 Applications Accepting the trial Courts Contention that the Judgment Nunc Pro Tunc issued on January 08,th 2003 resolved all issues raised. Though no address was given to the illegality of the Original Sentences, or Claim of ineffective assistance of Counsel, despite the remand order!).

Relator filed motion to enter Nunc Pro Tunc Judgments due to the existance of An (Clerical error) under Tex. R. App. Proc. Rule 23.1 on June 16,th 2010, in both Cause #'s (Exhibit-H) The Contention was that the trial Court Created A Clerical error when it improperly issued the Judgment Nunc Pro Tunc on January 08,th 2003 "__CHANGING__" Relator's Originally Pronounced (20) Year Sentences with 258 day time Credit-to (19) nineteen-Year and (200) two hundred days with 258 days time Credit........ __Still Awarding the same 258 day time Credit that made the Originally__ __Pronounced Sentences involuntary and un-Abidable.__ The trial Court According to the District Clerk, had denied these Nunc Pro Tunc requests, which is still un-clear.

Relator then filed an writ of Mandamus with this Court on November 15,th 2010 (appealate Case number(s): 06-10-00212-CR ; 06-10-00213-CR) with the Claim that the Nunc Pro Tunc motions filed on June 16,th 2010, with the trial Court being "denied". Only to learn that they had only been "Presented" to the Judge and returned unsigned with "no ruling made" My original writ of Mandamus was denied because I didn't prove that the trial Court denied said Nunc Pro Tunc motions, as Claimed.

Relators since requested from the District Clerk Copies of the Nunc Pro Tunc; filed on June 16,th 2010 stamped "Denied" only to first be informed that they "couldn't be located". Then most recently, they would have to be gotten from "Austin" (?). Assuming that "Austin" was in reference to the State Law Library in Austin, Texas. A call was made to find out if the "Denied" Nunc Pro Tunc orders could be obtained there.

Austin Answers:

There is no NUNC PRO TUNC FROM June 16, 2010 Granted within files.

It is still unknown if any Ruling has been made on Nunc Pro Tunc Judgments filed by Relator on June 16, 2010.

## ·I·

If for any reason a Judgment or Sentence is not correctly entered into record the trial court may correct a clerical error under Tex. R. App. Proc., Rule 23.1; or if jail time credits are not Properly credited, that are owed under Tex. Code of Crim. Proc. Art. 42.03 Section 2(A). A trial court may enter the proper number of days under Tex. R. App. Proc. Rule 23.2. A Nunc Pro Tunc Judgment may be used to correct an clerical error, but not an judical error; Wilson V. State, 677 S.W. 2d. 518 (Tex. Crim. App. 1984). When there is an variation between the oral Pronouncement of an Sentence and the written version of a sentence; the oral Pronounced Sentence Controls; Coffey V. State, 979 S.W. 2d. 326 (Tex. Crim. App. 1998). The Correction can only be to what was done, not to what the trial Court believes Should or might have been done, and no judical reasoning can be used. Ex-Parte, Pena, 71 S.W. 3d 336 (Tex. Crim. App. 2000) Therefore a clerical error can be corrected, but not a judical error; Riley V. Cockrel, 339 F.3d. 308 (5th Cir. 2003). Any Nunc Pro Tunc Judgment must mirror what actually occured; Collins V. State, 240 S.W. 3d. 925 (Tex. Crim. App. 2007). There must be proof of what was actually rendered and Pronounced; Smith V. State, 15 S.W. 3d. 229 (Tex. App. Dallas 2000). What the trial Court orally Pronounced on July 05,th 2001, was acceptance of the Plea Agreement on both cause number(s) of (20) twenty-years with 258 days time Credit (Exhibit-A) the trial Court Confirms this in its own findings issued on January 08,th 2003, (Exhibit E), also on January 08,th 2003, in response to the Court of Criminal Appeals order, the trial court 'improperly' entered Judgment Nunc Pro Tunc to "CHANGE" Relators originally Pronounced (20) twenty-year Sentences with 258 days time Credit - to (19) nineteen-years and (200) two-hundred day with 258 days time Credit (Exhibit-F). The trial Court had no authority under Tex. R. App. Proc Rule 23.1 or 23.2 or any other rule or Statue to change a decretal Portion of a Judgment in, or outside, of a defendents Presence. The Nunc Pro Tunc Judgment entered on January 08,th 2003 made no claim that an Clerical error existed in the original Sentences. The Nunc Pro Tunc Judgment of January 08,th 2003 only created Clerical errors. Furthermore, the same 258 days time Credit that made the original Sentences un authorized by law was again awarded. It is a clear Point of law that a Nunc Pro tunc Cannot be used to "CHANGE" a decretal Portion of a Judgment........

Any Plea Agreement with Prohibited benefits has Caused the Plea to be involuntary See: Santobello v. New York, 404 US 504 (1971); Ex-Parte Burton, 623 s.w.2d. 418 (Tex. Crim. App. 1981); McNiel v. Blackburn, 802 F.2d. 830 (5th Cir. 1986); Ex-Parte Spicuzza, 903 S.w.2d. 381 (Tex. App. Houston 1995). The 258 days time Credit in both the original Sentences, And the improperly entered Nunc Pro Tunc Judgment of January 08th 2003, renders the Sentences un-Authorized by law. As the Awarded time Credit Predates the offense date. It has long been held that each element of a Plea Agreement must be up-held or either Party may withdraw their Plea Agreement "At Any time". Which Relator requested in the Original 11:07 Application (Exhibit-D). The 258 days time Credit was An element of the Plea Agreement (Exhibit A) and (Exhibit E). It was ordered to be Credited in the original oral Pronouncement, failure to Credit the full 258 days time Credit renders the Plea involuntary ...... Here TDCJID Could NoT honor the full 258 days time Credit that was the term in the original Sentences Pronounced on July 05th 2001, Nor on the improperly imposed Nunc Pro Tunc Judgment entered on January 08th 2003, due to the fact that the full 258 days time Credit would Pre-date both offense dates. See: Ex Parte, Harvey, 846 Sw.2d. 856 (Tex. Crim. App. 1993). The Prohibitiveness to Award time Credit that would Pre-date the offense is a Clear Point of law ....... The Pleas were further involuntary due to Relators ineffective assistance of Counsel for his errorous advice that the 258 days time Credit Should be Awarded. Ex-Parte Davis, 866 Sw.2d. 234 (Tex. Crim. App. 1993) states: "Counsel will Presumed to have Knowledge of legal Principles which is neither novel or un-settled". It is again a Clear Point of law, that time Credit Cannot Pre-date the offense date.

It is required that notice of intention be given before a Judgment is entered Nunc Pro Tunc, And to Afford the Person Convicted an opportunity to be Present for the hearing, and to be represented by Counsel in order to accord him due Process of law; Shaw v. State, 539 s.w.2d. 887 (Tex. Crim. App. 1976). Here it is Relators firm belief that the trial Court intentionally failed to give notice of its intentions to enter Nunc Pro Tunc Judgment with Specific intent to harm relator by denying him due Process of law. (Exhibit-F Ps-2) Shows that trial Court Clearly states that defendant (Relator) was Present in Court with appointed Counsel Mr. Raymond Hopson on January 08th 2003 And Pled Guilty to Burglary of an Habitation as Part of the Plea Agreement reached with the State - And as Part of the Plea Agreement would receive (19) nineteen-Years And (200) two-hundred days, with 258 days time Credit - Let (Exhibit-G) Show that relator was NOT in the 354th District Court on January 08th 2003, But was on the John B. Connally Unit of TDCJ, in Karnes County, Texas. Its Should also be noted that relator filed Mr. R. (Raymond) Hopson as ineffective, and there were no indication that his Claim was heard on its merits. Relator also has been informed by Mr. R. (Raymond) Hopson that he Knew nothing about any of this .......

The motions to enter Judgment Nunc Pro Tunc (Exhibit-H) filed by Relator required Respondent, Sitting Judge of the 354th District Court to correct the Judgment Nunc Pro Tunc orders of January 08,th 2003 (Exhibit-F) to reflect what actually occured on July 05th 2001. Which is what the original Plea Agreement (Exhibit-A) and the original Pronounced Sentences (Exhibit-B) Called for The Sentences (2) two (20) year Sentences with 258 days time credit, Respondent had a ministerial duty to Grant these Nunc Pro Tunc orders and make the Corrections requested; Winters v. Presiding Judge, 118 Sw.3d. 773 (Tex.Crim.App. 2003). For a Proposed motion to Correct Nunc Pro Tunc to Prevail, there must be Proof of the Proposed Judgments (in this Case both Sentences) were actually Pronounced; Smith v. State, 15 Sw.3d. 299. This Can be Shown in the original Plea Agreement (Exhibit-A) and in the finding of the facts by the trial Court on January 08,th 2003. (Exhibit-E)

(Exhibit-E) which Clearly states the terms of both Sentences. Once the trial Court failed to rule on these Nunc Pro Tunc motions filed by Relator on June 16,th 2010, which were ministerial in nature, the appropriate remedy would be Mandamus Relief. Which Relator now seeks, In Re: Daisy, 156 Sw.3d. 922 (Tex.App. Dallas 2005) To obtain Mandamus Relief a Relator must show: (1)_ Clear and indisputable right to relief sought when judical Conducts in question violates ministerial duty: (2)_ There is no other adequate legal remedy at law that addresses the alledged harms; Burton v. Harmon, 827 Sw.3d. 59 (Tex. Crim.App. 2002). It's Clearly indisputable that Rule 23 differentiates between Clerical errors that the Court Corrects; to what actually occured orally, under Rule 23.1; And jail time Credit Changes under Rule 23.2 for credit towards the Sentences. But nothing under Rule 23 Allowed the trial Court to "CHANGE" the orally Pronounced Sentences of July 05,th 2001 to (19) nineteen-years and (200) two-hundred days and 258 days time Credit, Simply because TDCJ-ID Record Division Could not fully, or legally, enter the full 258 days time Credit; ordered by these Plea Agreements. A trial Court does not have statutory authority or discretion to orally Pronounce one Sentence in front of a defendant, but enter a different Sentence on his written Judgment, outside of a defendants Presence; Ex-Parte Maddins, 70 Sw.3d. 131 (Tex.Crim.App. 2002). The Sentences orally Pronounced on July 05,th 2001, Ordered (2) two Seperate (20) twenty-year Sentences with 258 day time Credit. The awarded time Credit as the terms of the Plea Agreements Stated and what the Judge orally Pronounced on Said month, Date and year, was unauthorized by law. Yet the trial Court attempts to rectify this by Judgment Nunc Pro Tunc were illegal and un-authorized by law, methods. What made the orally Pronounced Sentences un-authorized by law was; the awarding of the 258 days time Credit. What the trial Court did on January 08,th 2003 did not Correct the error, which was judical in nature, It only: (1)_ Created a Clerical error (2)_ imposed more Sentences un-authorized by law.........

# ·Conclusion·

The record here is Clear, as shown by all exhibits to what has occured. The terms of the Plea Agreed were specific: Terms of (2) two (20) twenty-year sentences with 258 days time Credit to be served (C.C.) Concurrently. The Plea Agreements have the Relators Signature as well as the Court Appointed Attorney (Mr. Ramond Hopson) and the represenative of the State (Mr. Joel Littlefield). The trial court did accept these Plea Agreements and orally Pronounced them on July 05,th 2001. (Exhibit-B) holds Presiding Judge R. Beacom's Signature. On July 05,th 2001, written records (Exhibit-A & B) Precisely reflected the orally Pronounced sentences. The trial Courts own Finding of Facts issued on January 08,th 2003, States the terms of the Plea Agreements and what was orally Pronounced on July 05th 2001 (Exhibit-E) but At that time on January 08.th 2003 did intentionally and knowingly abuse it's discretion by entering the Nunc Pro Tunc Judgment to "CHANGE" Relators sentences, knowing that no Clerical errors existed. Furthermore, Again Awarding the same 258 days time credit that renders the original Plea Agreements un-Authorized by law. The events of January 08.th 2003, thus only served to Create Clerical errors. The trial Courts failure to rule on the Nunc Pro Tunc motion filed by Relator on June 16th 2010, which Are ministerial in nature, Clearly show the repeated intentions of the trial Court to deprive Relator of his Liberty and Due Process of Law. It Cannot be expected that the trial Court will act in good faith on it's own. The trial Court has repeatedly violated Clear Points of law. The following Are only a few Points when making your decision:

1)___ Awardance of time Credit on Original Sentences
2)___ Ignoring Clearly Stated differances between Judical errors and Clerical errors (that a Nunc Pro Tunc Could Correct).
3)___ Ignoring Requirment of Clerical error existance to order Nunc Pro Tunc Judgments
4)___ Use of Nunc Pro Tunc to "CHANGE" decretal Portion of Judgments
5)___ Use of Nunc Pro Tunc to "Render" Sentences
6)___ Awarding of time Credit on Second (19yr) Sentence that was un-Authorized on Original Sentence
7)___ Rendering Sentences outside of defendants Presence.
8)___ Refusal to provide final decision of Ruling, even At Relators' Cost, After Repeated Requests.

## · Prayer ·

Relator Prays that this Court will Grant relief, and vacate the Nunc Pro Tunc Judgments entered by the trial Court on January 08,th 2003 and Remand Cause(s) back to trial Court, Returning to Position before harmfully imposed Nunc Pro Tunc Judgments were issued, So that the original Claims Can be Addressed As the Court of Criminal Appeals Remand order originally ordered. Also, if it is established Relator is indigent, have An Attorney appointed . . . . .

Signed ~~Brian L. Mathew~~ # 1052738

On the _3rd_ day of _August_ Year of _2015_

## Unsworn Declaration

I Brian K. Melton   TDCJ #1052738, being Currently incarcerated At the Michael unit in Anderson County, Texas. Do hereby Swear under Penalty of Perjury, that the foregoing Petition And enclosed Exhibits enclosed Are true And Correct to the best of my Knowledge, So help me God.

Signed the ___3rd___ day of __August__ 2015

Brian K. Melton #1052738

Brian K. Melton   # 1052738

## x Exhibits x

A) _____ Plea Agreement's ____ 1 Page

B) _____ Judgments of July 05,th 2001 ___ 6 Pages

C) _____ Time Dispute Sheet _____ 1 Page

D) _____ Court of Criminal Appeals remand order _____ 3 Pages

E) _____ Findings of Facts Jan. 08th 2003 _____ 2 Pages

F) _____ Judgment Nunc Pro Tunc Jan 08,th 2003 _____ 6 Pages

G) _____ Unit Assignment Sheet _____ 1 Page

H) _____ Motion To enter Judgment Nunc Pro Tunc filed June 16,th 2010 _____ 6 Pages

AGREED PUNISHMENT RECOMMENDATION
354 196th DISTRICT COURT
HUNT COUNTY, TEXAS

FILED
AT
JUL 0 5 2001

CLERK DISTRICT COURT, HUNT CO TX

Cause No: 20,570

Date: July 5, 2001

Defendant: BRIAN KEITH MELTON

Offense: Burglary of a Habitation

It is mutually agreed and recommended to the Court:

( ___ ) Prosecution should proceed only on count(s) _____

( ___ ) Prosecution for the Lesser included Offense of-. _____

_____

( ___ ) Class A. Misdemeanor punishment with Third Degree Felony Conviction under 12.44 P.C.

( ___ ) Deferred Adjudication Probation for _____ years

( ___ ) A fine of $ _____

( X ) Confinement:
     20 years in the Institutional Division
     _____ years/months/days in the Hunt County Jail
     _____ years/month/days in Community Correctional Facility
( ___ ) After conviction Probation be granted of the term assessed as punishment
( ___ ) Jail Term to be served by
     ( ___ ) Electronic Monitoring     ( ___ ) Community Service
     ( ___ ) Jail Work Release     ( ___ ) Off Work Weekends
( ___ ) Restitution
( X ) Other Punishment

Recommendations: 258 days credit. _____

NOTE: The parties are not allowed to make binding agreements regarding the length of probation supervision or the terms and conditions of probation. However, non-binding recommendations will be considered as follows:

( ___ ) Shock Probation                     ( ___ ) Boot Camp Alt. Incarceration Program
( ___ ) Restitution Center                ( ___ ) Detention for a term of_____ days
( ___ ) Community Service _____ hours    ( ___ ) Substance Abuse Treatment Facility
( ___ ) Electronic Monitoring          ( ___ ) Community Correction Facility

_____
Defendant

_____
Counsel for Defendant

_____
Prosecutor

10

No. 20,570

Exhibit "B"

| THE STATE OF TEXAS | IN THE DISTRICT COURT |
|---|---|
| vs. | OF HUNT COUNTY, TEXAS |
| BRIAN KEITH MELTON | 354 ~~196~~ th JUDICIAL DISTRICT |

### JUDGMENT OF PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
### WAIVER OF JURY TRIAL (NO COMMUNITY SUPERVISION)

JUDGE PRESIDING: ~~Joe Leonard~~ *Richard Beacom*       DATE OF JUDGMENT: July 5, 2001

ATTORNEY FOR STATE: **F. DUNCAN THOMAS**
ASST. DIST. ATTORNEY: Joel Littlefield

ATTORNEY FOR
DEFENDANT: Ray Hopson

OFFENSE
CONVICTED OF: Burglary of a Habitation

DEGREE: Felony 2

DATE OFFENSE
COMMITTED: January 24, 2001

CHARGING INSTRUMENT: Indictment

PLEA: Guilty

TERMS OF
PLEA BARGAIN: Twenty (20) years TDCJ-ID

PLEA TO ENHANCEMENT
PARAGRAPH (S): N/A

FINDINGS ON
ENHANCEMENT: N/A

FINDINGS ON USE OF   The Court finds that the Defendant __Did Not__ use or exhibit a
DEADLY WEAPON:       deadly weapon in the commission of the offense or during immediate
                     flight there from

DATE SENTENCE
IMPOSED: July 5, 2001

COSTS: $249.25

PUNISHMENT AND PLACE
OF CONFINEMENT Twenty (20) years TDCJ-ID

DATE TO
COMMENCE: July 5, 2001

TIME CREDITED: 258 days

TOTAL AMOUNT
OF RESTITUTION:

CONCURRENT UNLESS OTHERWISE SPECIFIED

The Defendant having been duly charged in the above entitled and numbered cause for the felony offense of Burglary of a Habitation _____ and this cause being this day called, the State appeared by her District Attorney **F. Duncan Thomas** and the Defendant, BRIAN KEITH MELTON _____ appeared in person with his attorney, Ray Hopson _____ and both parties announced ready, and the Defendant, in person and in writing, in open Court having waived his right of trial by jury, such waiver being with the consent and approval of the Court, and now entered of record on the minutes of the Court and such waiver being with the consent and approval of the District Attorney of Hunt County, Texas., in writing signed by him, and filed in the papers of this cause before Defendant entered his plea herein, the Defendant was duly arraigned and in open Court pleaded Guilty _____ to the charge contained in the Indictment _____ . thereupon the Defendant was admonished by the Court of the consequences of the said plea and the Court finds that the Defendant is mentally competent and that he is uninfluenced in making said plea by any consideration of fear, or by any -persuasion, or by delusive hope of pardon prompting him to confess his guilt; and the said plea was accepted by the Court is now entered of record as the plea herein of the defendant. The defendant in open Court, in writing, having waived the reading of the indictment, the appearance, confrontation, and cross-examination of witnesses, and having agreed that the evidence be stipulated, and having consented to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence, and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause; and the Court, having heard the Defendant's waiver of the reading of the indictment, the Defendant's plea thereof, the evidence submitted, and the argument of counsel, is of the opinion from the evidence submitted that the Defendant is guilty as charged.

IT IS THEREFORE ADJUDGED BY THE COURT, that the said Defendant is guilty of the felony offense of Burglary of a Habitation _____ as found by the Court, that the said Defendant committed said offense on January 24, 2001 _____ that the punishment is hereby assessed at Twenty (20) years _____ confinement in the Texas Department of Criminal Justice Institutional Division, that the Defendant be punished in accordance with same and that the State of Texas do have and recover of the said Defendant all costs in the prosecution expended, for which execution will issue.

THEREUPON the said Defendant was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, and the Court having found that the Defendant is mentally competent, understands the English language and is a citizen of the United States of America, the Court proceeded in the presence of said Defendant, his counsel also being present, to pronounce sentence against him, as follows:

IT IS THE ORDER OF THE COURT that said Defendant, who has been adjudged to be guilty of the offense of Burglary of a Habitation _____ and whose punishment has been assessed by the Court at confinement in the Texas Department of Criminal Justice-Institutional Division for Twenty (20) years _____ , be delivered immediately by the Sheriff of Hunt County, Texas, to the Director of the Texas Department of Criminal Justice Institutional Division or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Texas Department of Criminal Justice Institutional Division for Twenty (20) years _____ in accordance with the provisions of the law governing the Texas Department of Criminal Justice, and the Defendant is remanded to jail until said Sheriff can obey the direction of this sentence.

The Court finds that the Defendant ___Did Not___ use or exhibit a deadly weapon in the commission of this offense or during immediate flight therefrom.

It is further ADJUDGED AND DECREED by this Court that the sentence pronounced herein shall begin this date, and that the Defendant is granted ___258___ days credit for time served in jail.

IT IS **FURTHER ORDERED** by the Court that Defendant pay Court costs, court appointed attorney's fees, and restitution and/or reparation as set out in Exhibit C in the total amount of $ _____ I and the Court hereby ORDERS that this Defendant pay this total amount as a condition of parole pursuant to Art. 42.12 of the Texas Code of Criminal Procedure in monthly payments while on parole of $ _____ per month. Said payments due on or before the seventh day of each month payable to the Hunt County Adult Probation Office, P. 0. Box I 1 141, 2423 King Street, Greenville, Texas, 7540 1.

SIGNED on this the _5th_ day of ___July___ | _2001_

ORIGINAL SIGNED BY
RICHARD A. BEACOM JR., JUDGE

_____
JUDGE PRESIDING

Notice of Appeal: _____
Date: _July 5, 2001_

Right
Thumb
Print

| |
|---|
| Date:      Initials: |

No. 20,572

Exhibit -8-

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| vs. | OF HUNT COUNTY, TEXAS |
| BRIAN KEITH MELTON | 354 th JUDICIAL DISTRICT |

## JUDGMENT OF PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT WAIVER OF JURY TRIAL (NO COMMUNITY SUPERVISION)

JUDGE PRESIDING: ~~Joe Leonard~~ *Richard Beacom* DATE OF JUDGMENT: July 5, 2001

ATTORNEY FOR STATE: **F. DUNCAN THOMAS**
ASST. DIST. ATTORNEY: Joel Littlefield

ATTORNEY FOR
DEFENDANT: Ray Hopson

OFFENSE
CONVICTED OF: Burglary of a Habitation with Intent to Commit Theft.

DEGREE: Felony 2

DATE OFFENSE
COMMITTED: March 27, 2001

CHARGING INSTRUMENT: Indictment

PLEA: Guilty

TERMS OF
PLEA BARGAIN: Twenty (20) years TDCJ-ID

PLEA TO ENHANCEMENT
PARAGRAPH (S): N/A

FINDINGS ON
ENHANCEMENT: N/A

FINDINGS ON USE OF The Court finds that the Defendant ___Did Not___ use or exhibit a
DEADLY WEAPON:     deadly weapon in the commission of the offense or during immediate
                  flight there from

DATE SENTENCE
IMPOSED: July 5, 2001

COSTS: $249.25

PUNISHMENT AND PLACE
OF CONFINEMENT Twenty (20) years TDCJ-ID

DATE TO
COMMENCE: July 5, 2001

TIME CREDITED: 258 days

TOTAL AMOUNT
OF RESTITUTION: _____

CONCURRENT UNLESS OTHERWISE SPECIFIED

The Defendant having been duly charged in the above entitled and numbered cause for the felony offense of Burglary of a Habitation with Intent to Commit Theft. _____ and this cause being this day called, the State appeared by her District Attorney **F. Duncan Thomas** and the Defendant, BRIAN KEITH MELTON _____ appeared in person with his attorney, Ray Hopson _____ and both parties announced ready, and the Defendant, in person and in writing, in open Court having waived his right of trial by jury, such waiver being with the consent and approval of the Court, and now entered of record on the minutes of the Court and such waiver being with the consent and approval of the District Attorney of Hunt County, Texas., in writing signed by him, and filed in the papers of this cause before Defendant entered his plea herein, the Defendant was duly arraigned and in open Court pleaded Guilty _____ to the charge contained in the Indictment _____. thereupon the Defendant was admonished by the Court of the consequences of the said plea and the Court finds that the Defendant is mentally competent and that he is uninfluenced in making said plea by any consideration of fear, or by any -persuasion, or by delusive hope of pardon prompting him to confess his guilt; and the said plea was accepted by the Court is now entered of record as the plea herein of the defendant. The defendant in open Court, in writing, having waived the reading of the indictment, the appearance, confrontation, and cross-examination of witnesses, and having agreed that the evidence be stipulated, and having consented to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence, and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause; and the Court, having heard the Defendant's waiver of the reading of the indictment, the Defendant's plea thereof, the evidence submitted, and the argument of counsel, is of the opinion from the evidence submitted that the Defendant is guilty as charged.

IT IS THEREFORE ADJUDGED BY THE COURT, that the said Defendant is guilty of the felony offense of Burglary of a Habitation with Intent to Commit Theft. _____ as found by the Court, that the said Defendant committed said offense on March 27, 2001 _____ that the punishment is hereby assessed at Twenty (20) years _____ confinement in the Texas Department of Criminal Justice Institutional Division, that the Defendant be punished in accordance with same and that the State of Texas do have and recover of the said Defendant all costs in the prosecution expended, for which execution will issue.

THEREUPON the said Defendant was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, and the Court having found that the Defendant is mentally competent, understands the English language and is a citizen of the United States of America, the Court proceeded in the presence of said Defendant, his counsel also being present, to pronounce sentence against him, as follows:

IT IS THE ORDER OF THE COURT that said Defendant, who has been adjudged to be guilty of the offense of Burglary of a Habitation with Intent to Commit Theft. _____ and whose punishment has been assessed by the Court at confinement in the Texas Department of Criminal Justice-Institutional Division for Twenty (20) years _____ , be delivered immediately by the Sheriff of Hunt County, Texas, to the Director of the Texas Department of Criminal Justice Institutional Division or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Texas Department of Criminal Justice Institutional Division for Twenty (20) years _____ in accordance with the provisions of the law governing the Texas Department of Criminal Justice, and the Defendant is remanded to jail until said Sheriff can obey the direction of this sentence.

The Court finds that the Defendant ___Did Not___ use or exhibit a deadly weapon in the commission of this offense or during immediate flight therefrom.

It is further ADJUDGED AND DECREED by this Court that the sentence pronounced herein shall begin this date, and that the Defendant is granted ___258___ days credit for time served in jail.

IT IS **FURTHER ORDERED** by the Court that Defendant pay Court costs, court appointed attorney's fees, and restitution and/or reparation as set out in Exhibit C in the total amount of $ _____ I and the Court hereby ORDERS that this Defendant pay this total amount as a condition of parole pursuant to Art. 42.12 of the Texas Code of Criminal Procedure in monthly payments while on parole of $ _____ per month. Said payments due on or before the seventh day of each month payable to the Hunt County Adult Probation Office, P. 0. Box I 1 141, 2423 King Street, Greenville, Texas, 7540 1.

SIGNED on this the 5th day of ___July___ ⌐ 2001 ___

ORIGINAL SIGNED BY
RICHARD A. BEACOM JR., JUDGE

_____
JUDGE PRESIDING

Notice of Appeal: _____
Date: July 5, 2001 ___

Right
Thumb
Print

Date:            Initials:

Page 3 of 3

*Exhibit* 'C'

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## CUSTODIAN OF OFFENDER RECORDS
## TIME CREDIT DISPUTE RESOLUTION
## FINAL CERTIFICATION DECISION

Offender Name :   **MELTON,BRIAN KEITH**

TDCJ# :   **01052738**

Offender Location :  **CY**

You filed a request for correction of time credited toward the completion of your sentence pursuant to the Department's internal time credit dispute resolution process to address time credit calculation error complaints.

Your request for correction of calculation of the time credit earned toward completion of your sentence was received by the Custodian of Offender Records on   **2/27/2012**  Pursuant to Section 501.0081 of the Texas Government Code, the Custodian of Offender Records is required to issue a finding in an attempt to resolve the complaint.

The Custodian of Offender Records issues the following finding regarding your complaint:

**You were given time credit back to the date of the offense. We cannot give time credit before the date you committed the offense.**

If you are dissatisfied with this response from the Custodian of Offender Records, you may contact State Counsel for futher assistance.

This concludes the administrative processing of this complaint by the Texas Department of Criminal Justice.

DATE :     **4/2/2012**

       **snb**

SIGNATURE:

TITLE:          ASSISTANT DIRECTOR FOR
CLASSIFICATION AND RECORDS

ADDRESS:     TDCJ CLASSIFICATION AND RECORDS OFFICE
BOT WAREHOUSE
P.O. BOX 99
HUNTSVILLE, TEXAS 77342

*Exhibit "D"*



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. 44,431-02; 44,431-03

## EX PARTE BRIAN KEITH MELTON, Applicant

## ON APPLICATION FOR WRIT OF HABEAS CORPUS FROM HUNT COUNTY

*The order was delivered per curiam.*

## O R D E R

This is an application for a writ of habeas corpus which was transmitted to this Court by the clerk of the trial court pursuant to the provisions of Article 11.07, V.A.C.C.P. Ex Parte Young, 418 S.W.2d 824 (Tex. Crim. App. 1967). Applicant was convicted of two counts of burglary of a habitation and punishment was assessed at two terms of twenty years in prison. No appeal was taken from these convictions.

In his present application, Applicant contends that he is being denied time credit on his sentences and that his guilty pleas were involuntary because his plea bargains included the term that he would receive 258 days jail time credit, but he has not been credited with this

time. Applicant also asserts that his counsel was ineffective for recommending a plea bargain that could not be fulfilled and that his sentence is illegal because the Texas Department of Criminal Justice will not change his records to reflect the 258 days credit because that would result in sentence begin dates which predate the offenses.

The trial court has not entered findings of fact or conclusions of law. Applicant has alleged facts which, if true, might entitle him to relief. Therefore, it is this Court's opinion that additional facts need to be developed and that since this Court cannot hear evidence, the trial court is the appropriate forum. The trial court may resolve those issues as set out in Article 11.07, § 3 (d), V.A.C.C.P., in that it may order affidavits from the appropriate parties, or it may order depositions, interrogatories, or a hearing. In the appropriate case, the trial court may rely on its personal recollection.

If the trial court elects to hold a hearing, that court should first decide whether Applicant is indigent. If the trial court finds that Applicant is indigent, and the Applicant desires to be represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04, V.A.C.C.P., appoint an attorney to represent him at the hearing.

Following receipt of additional information, the trial court should make findings of fact as to whether 258 days of jail credit was an element of Applicant's plea bargain. The trial court should also determine whether applicant has presented this claim to the Texas Department of Criminal Justice time credit dispute resolution office as required by V.T.C.A. Gov't Code § 501.0081. See Ex parte Stokes, 15 S.W.3d 532 (Tex. Crim. App. 2000). The

trial court should also make any further findings of fact and conclusions of law which it deems relevant and appropriate to the disposition of Applicant's application for habeas corpus relief.

Since this Court does not hear evidence, <u>Ex Parte Rodriguez</u>, 169 Tex.Cr.R. 367, 334 S.W.2d 294 (Tex. Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's compliance with this order. Resolution of the issues shall be accomplished by the trial court within 90 days of the date of this order.[1] A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition along with the trial court's supplemental findings of fact and conclusions of law shall be returned to this Court within 120 days of the date of this order.[2]

DELIVERED: August 14, 2002
DO NOT PUBLISH

---

[1] In the event any continuances are granted, copies of the order granting the continuance should be provided to this Court.

[2] Any extensions of this time period should be obtained from this Court.



**WRIT NO. 44,431-02 & 44,431-03**
**Trial Court No. 20,570 & 20,572**

Ex Parte

**BRIAN KEITH MELTON**

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On August 14, 2002, the Court of Criminal Appeals of Texas ordered this Court to make findings of fact and conclusions of law in regards to the writ of habeas corpus in which the applicant alleged that he has not been given 258 days jail credit that was part of his plea agreement .

After reviewing the record and the information contained in the Court's file, the Court makes the following findings of fact and conclusions of law:

1. The applicant was sentenced to 20 years in the Texas Department of Criminal Justice Institutional Division on July 5, 2001.

2. The applicant's plea of guilty was a result of a plea bargain with the State of Texas.

3. As part of the plea bargain, the applicant was to receive 258 days jail credit. (See attached exhibits 1 and 2 which are agreed punishment recommendations from the Court's file.)

4. The 258 days jail credit results in a sentence begin date which predates the offense date by 157 days.

5. The Court finds that the applicant is entitled to the additional 157 days credit, as they were part of his plea agreement.

6. The Court finds that a Nunc Pro Tunc judgment should be entered which changes the applicant's sentence in order to credit him with the time he is entitled to, and to effect the plea agreement. (See attached exhibits 3 and 4 which are Nunc Pro Tunc judgments in cause numbers 20,570 and 20,572.)

Scanned January 28, 2005

IT IS SO ORDERED.

Signed this the _____ day of January 2003.

Judge Richard A. Beacom
Presiding Judge

9

No. 20,570

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| vs.     CD1 | OF HUNT COUNTY, TEXAS |
| BRIAN KEITH MELTON | 354TH JUDICIAL DISTRICT |

## NUNC PRO TUNC JUDGMENT

WHEREAS, the Court finds that a Nunc Pro Tunc judgment should be entered which changes the applicant's sentence in order to credit him with the time he is entitled to, and to effect the plea agreement. The judgment is hereby corrected and entered as follows:

### JUDGMENT OF PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
### WAIVER OF JURY TRIAL (NO COMMUNITY SUPERVISION)

JUDGE PRESIDING: Richard Beacom

DATE OF JUDGMENT: 01/08/2003

ATTORNEY FOR STATE: F. DUNCAN THOMAS
ASST. DIST. ATTORNEY: Joel Littlefield

ATTORNEY FOR
DEFENDANT: Ray Hopson

OFFENSE
CONVICTED OF: Burglary of a Habitation

DEGREE: Felony 2
CHARGING INSTRUMENT: Indictment

DATE OFFENSE
COMMITTED: January 24, 2001

PLEA: Guilty

TRIAL BEFORE THE COURT
AND SENTENCE: Nineteen (19) years, 200 days TDCJ-ID

PLEA TO ENHANCEMENT
PARAGRAPH (S): N/A

FINDINGS ON
ENHANCEMENT: N/A

FINDINGS ON USE OF   The Court finds that the Defendant Did Not use or exhibit a
DEADLY WEAPON:       deadly weapon in the commission of the offense or during immediate
                     flight there from

DATE SENTENCE
IMPOSED: July 5, 2001

COSTS: $249.25

PUNISHMENT AND PLACE
OF CONFINEMENT: 19 years, 200 days TDCJ-ID

DATE TO
COMMENCE: July 5, 2001

TIME CREDITED: 258 days

TOTAL AMOUNT
OF RESTITUTION:

CONCURRENT UNLESS OTHERWISE SPECIFIED

DUPLICATE

The Defendant having been duly charged in the above entitled and numbered cause for the felony offense of Burglary of a Habitation _____ and this cause being this day called, the State appeared by her District Attorney **F. Duncan Thomas** and the Defendant, Brian Keith Melton _____ appeared in person with his attorney, Ray Hopson _____ and both parties announced ready, and the Defendant, in person and in writing, in open Court having waived his right of trial by jury, such waiver being with the consent and approval of the Court, and now entered of record on the minutes of the Court and such waiver being with the consent and approval of the District Attorney of Hunt County, Texas., in writing signed by him, and filed in the papers of this cause before Defendant entered his plea herein, the Defendant was duly arraigned and in open Court pleaded Guilty _____ to the charge contained in the Indictment _____. thereupon the Defendant was admonished by the Court of the consequences of the said plea and the Court finds that the Defendant is mentally competent and that he is uninfluenced in making said plea by any consideration of fear, or by any -persuasion, or by delusive hope of pardon prompting him to confess his guilt; and the said plea was accepted by the Court is now entered of record as the plea herein of the defendant. The defendant in open Court, in writing, having waived the reading of the indictment, the appearance, confrontation, and cross-examination of witnesses, and having agreed that the evidence be stipulated, and having consented to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence, and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause; and the Court, having heard the Defendant's waiver of the reading of the indictment, the Defendant's plea thereof, the evidence submitted, and the argument of counsel, is of the opinion from the evidence submitted that the Defendant is guilty as charged.

IT IS THEREFORE ADJUDGED BY THE COURT, that the said Defendant is guilty of the felony offense of Burglary of a Habitation _____ as found by the Court, that the said Defendant committed said offense on January 24, 2001 _____ that the punishment is hereby assessed at Nineteen (19) years, 200 days _____ confinement in the Texas Department of Criminal Justice Institutional Division, that the Defendant be punished in accordance with same and that the State of Texas do have and recover of the said Defendant all costs in the prosecution expended, for which execution will issue.

THEREUPON the said Defendant was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, and the Court having found that the Defendant is mentally competent, understands the English language and is a citizen of the United States of America, the Court proceeded in the presence of said Defendant, his counsel also being present, to pronounce sentence against him, as follows:

IT IS THE ORDER OF THE COURT that said Defendant, who has been adjudged to be guilty of the offense of Burglary of a Habitation _____ and whose punishment has been assessed by the Court at confinement in the Texas Department of Criminal Justice-Institutional Division for Nineteen (19) years, 200 days _____, be delivered immediately by the Sheriff of Hunt County, Texas, to the Director of the Texas Department of Criminal Justice Institutional Division or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Texas Department of Criminal Justice Institutional Division for Nineteen (19) years, 200 days _____ in accordance with the provisions of the law governing the Texas Department of Criminal Justice, and the Defendant is remanded to jail until said Sheriff can obey the direction of this sentence.

DUPLICATE

The Court finds that the Defendant __Did Not__ use or exhibit a deadly weapon in the commission of this offense or during immediate flight therefrom.

It is further ADJUDGED AND DECREED by this Court that the sentence pronounced herein shall begin this date, and that the Defendant is granted __258__ days credit for time served in jail.

IT IS FURTHER ORDERED by the Court that Defendant pay Court costs, court appointed attorney's fees, and restitution and/or reparation as set out in Exhibit C in the total amount of $ __249.25__ I and the Court hereby ORDERS that this Defendant pay this total amount as a condition of parole pursuant to Art. 42.12 of the Texas Code of Criminal Procedure in monthly payments while on parole of $ __25.00__ per month. Said payments due on or before the seventh day of each month payable to the Hunt County Adult Probation Office, P. 0. Box I 1 141, 2423 King Street, Greenville, Texas, 7540 1.
IT IS FURTHER ORDERED that Defendant participate in the substance abuse program at the ~~State Jail~~ upon availability and follow all guidelines and instructions until program is complete.

SIGNED on this the __8__ day of __January__ __2003__

_(signature)_

JUDGE PRESIDING

Notice of Appeal: __Waived__
Date: July 5, 2001

Right Thumb Print

Date: 7-05-01    Initials: _(illegible)_

Page 3 of 3

SCANNED

No. 20,572

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| vs. | OF HUNT COUNTY, TEXAS |
| BRIAN KEITH MELTON | 354TH JUDICIAL DISTRICT |

## NUNC PRO TUNC JUDGMENT

WHEREAS, the Court finds that a Nunc Pro Tunc judgment should be entered which (changes) the applicant's sentence in order to credit him with the time he is entitled to, and to effect the plea agreement. The judgment is hereby corrected and entered as follows:

### JUDGMENT OF PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
### WAIVER OF JURY TRIAL (NO COMMUNITY SUPERVISION)

JUDGE PRESIDING: Richard Beacom

DATE OF JUDGMENT: 01/08/2003

ATTORNEY FOR STATE: F. DUNCAN THOMAS
ASST. DIST. ATTORNEY: Joel Littlefield

ATTORNEY FOR
DEFENDANT: Ray Hopson

OFFENSE
CONVICTED OF: Burglary of a Habitation with intent to commit theft

DEGREE: Felony 2
CHARGING INSTRUMENT: Indictment

DATE OFFENSE
COMMITTED: March 27, 2001

PLEA: Guilty

TRIAL BEFORE THE COURT
AND SENTENCE: Nineteen (19) years, 200 days TDCJ-ID

PLEA TO ENHANCEMENT
PARAGRAPH (S): N/A

FINDINGS ON
ENHANCEMENT: N/A

FINDINGS ON USE OF    The Court finds that the Defendant Did Not use or exhibit a
DEADLY WEAPON:    deadly weapon in the commission of the offense or during immediate
    flight there from

DATE SENTENCE
IMPOSED: July 5, 2001

COSTS: $249.25

PUNISHMENT AND PLACE
OF CONFINEMENT: 19 years, 200 days TDCJ-ID

DATE TO
COMMENCE: July 5, 2001

TIME CREDITED: 258 days

TOTAL AMOUNT
OF RESTITUTION:

CONCURRENT UNLESS OTHERWISE SPECIFIED

The Defendant having been duly charged in the above entitled and numbered cause for the felony offense of Burglary of a Habitation with Intent to Commit Theft _____ and this cause being this day called, the State appeared by her District Attorney **F. Duncan Thomas** and the Defendant, Brian Keith Melton _____ appeared in person with his attorney, Ray Hopson _____ and both parties announced ready, and the Defendant, in person and in writing, in open Court having waived his right of trial by jury, such waiver being with the consent and approval of the Court, and now entered of record on the minutes of the Court and such waiver being with the consent and approval of the District Attorney of Hunt County, Texas., in writing signed by him, and filed in the papers of this cause before Defendant entered his plea herein, the Defendant was duly arraigned and in open Court pleaded Guilty _____ to the charge contained in the Indictment _____. thereupon the Defendant was admonished by the Court of the consequences of the said plea and the Court finds that the Defendant is mentally competent and that he is uninfluenced in making said plea by any consideration of fear, or by any -persuasion, or by delusive hope of pardon prompting him to confess his guilt; and the said plea was accepted by the Court is now entered of record as the plea herein of the defendant. The defendant in open Court, in writing, having waived the reading of the indictment, the appearance, confrontation, and cross-examination of witnesses, and having agreed that the evidence be stipulated, and having consented to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence, and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause; and the Court, having heard the Defendant's waiver of the reading of the indictment, the Defendant's plea thereof, the evidence submitted, and the argument of counsel, is of the opinion from the evidence submitted that the Defendant is guilty as charged.

IT IS THEREFORE ADJUDGED BY THE COURT, that the said Defendant is guilty of the felony offense of Burglary of a Habitation with Intent to Commit Theft _____ as found by the Court, that the said Defendant committed said offense on March 27, 2001 _____ that the punishment is hereby assessed at Nineteen (19) years, 200 days _____ confinement in the Texas Department of Criminal Justice Institutional Division, that the Defendant be punished in accordance with same and that the State of Texas do have and recover of the said Defendant all costs in the prosecution expended, for which execution will issue.

THEREUPON the said Defendant was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, and the Court having found that the Defendant is mentally competent, understands the English language and is a citizen of the United States of America, the Court proceeded in the presence of said Defendant, his counsel also being present, to pronounce sentence against him, as follows:

IT IS THE ORDER OF THE COURT that said Defendant, who has been adjudged to be guilty of the offense of Burglary of a Habitation with Intent to Commit Theft _____ and whose punishment has been assessed by the Court at confinement in the Texas Department of Criminal Justice-Institutional Division for Nineteen (19) years, 200 days _____, be delivered immediately by the Sheriff of Hunt County, Texas, to the Director of the Texas Department of Criminal Justice Institutional Division or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Texas Department of Criminal Justice Institutional Division for Nineteen (19) years, 200 days _____ in accordance with the provisions of the law governing the Texas Department of Criminal Justice, and the Defendant is remanded to jail until said Sheriff can obey the direction of this sentence.

The Court finds that the Defendant ___Did Not___ use or exhibit a deadly weapon in the commission of this offense or during immediate flight therefrom.

It is further ADJUDGED AND DECREED by this Court that the sentence pronounced herein shall begin this date, and that the Defendant is granted ( 258 ) days credit for time served in jail.

IT IS FURTHER ORDERED by the Court that Defendant pay Court costs, court appointed attorney's fees, and restitution and/or reparation as set out in Exhibit C in the total amount of $ ___249.25___ I and the Court hereby ORDERS that this Defendant pay this total amount as a condition of parole pursuant to Art. 42.12 of the Texas Code of Criminal Procedure in monthly payments while on parole of $ ___25.00___ per month. Said payments due on or before the seventh day of each month payable to the Hunt County Adult Probation Office, P. 0. Box I l 141, 2423 King Street, Greenville, Texas, 7540 1.
IT IS FURTHER ORDERED that Defendant participate in the substance abuse program or the Outreach upon availability and follow all guidelines and instructions until program is complete.

SIGNED on this the ___8___ day of ___January___, 2003

_____
JUDGE PRESIDING

Notice of Appeal: ___Waived___
Date: July 5, 2001

Right
Thumb
Print

Date: 7-05-01    Initials: [initials]

DUPLICATE

SCANNED

Exhibit "G"

```
CSIUCR15/CSUC15        TDC UNIT CLASSIFICATION REVIEW      CURRENT DATE: 04/17/07
INMTCICS/CYCLSS3       HOUSING/JOB ASSIGNMENT HISTORY         AND TIME: 11:58:52
CY29/UC15  INMATE NAME: MELTON,BRIAN KEITH                 TDCNO: 01052738

HOUSING          |---HOUSING---| INM/HSG     JOB ASGN |-----------JOB-----------|
  DATE    UNIT   |--ASGNMNT--|  CUST  AUTH     DATE   |------ASSIGNMENT-------| AUTH
|------------HOUSING COMMENT-------------|  |-------------JOB  COMMENT-----------|

01/09/03   CY  8K11       08  1 G5    G5
01/06/03   CY  1130       08    G5    SO
01/03/03   CY  11AH       14    G5    AH
```

```
   NO MORE HOUSING/JOBS AVAILABLE
ENTER THE NEXT TRANS CODE 02 AND/OR TDCNO _____  AND/OR OPTION I
PF1-HELP PF3-PREV PF4-CURR     AND/OR SIDNO _____
```

```
CSIMF600/INI601                  UNIT OF ASSIGNMENT              04/17/07 11:59
INMTCICS/CYCLSS3 /CY29               FOR

TDC 01052738 SID 05559424 NAME: MELTON,BRIAN KEITH          RACE: W SEX: M

                       UNIT  REASON FOR    DATE       TYPE      TDCJID
                             ASSIGNMENT
CURRENT UNIT:  CY       CY   ASSIGNMENT  07 16 02     ID      01052738
DATE ASSIGNED: 07 16 02 DA   ENROUTE     07 15 02     ID      01052738
RSN. ASSIGNED: ASSIGNMENT GR TEMPORARY   07 08 02     ID      01052738
REC/DEP CODE:  RA       DU   ID-TRANS    06 28 02     ID      01052738
                        NO   ENROUTE     06 27 02     TF      01052738
                        HJ   ASSIGNMENT  12 17 01     TF      01052738
                        ND   RA          08 16 01     TF      01052738
```

offender has not left the
unit since 7.16.02.

```
                                                     END OF DATA
```

```
PF1:HELP PF3:FORWARD PF4:BACK PF11:NEXT-INQ PF12:STOP
OR NEXT REQUEST/OR TDCNO A_____  OR SIDNO _____
```

Cause No. 20570

| | |
|---|---|
| State of Texas | § In the 354th |
| | District Court |
| | Hunt County, Tx. |
| Vs. | § |
| | |
| Brian K. Melton, Prose | § |

---

Motion to enter Nunc Pro Tunc order; Under Tx. R. App. P.; Rule 23.2
( Clerical Error )

---

To the Honorable Judge of said court: Now comes, Brian Keith Melton, prose, defendant in the above entitled and numbered cause and moves the court to enter the correct judgement of 20 years with 258 days time credit to commence on the 5th day of July 2001, as the terms of the plea agreement reached with the state, and in support of such motion shows:

### I.

Defendant was charged with Burglary of Habitation, Texas penal code-30.02 with an offense date of __1-24-01__. The Defendant, Brian Keith Melton, defendants appointed attorney, Raymond Hopson, and the attorney for the state , Joel Littlefield reached a plea agreement of 20 years with 258 days time credit. Said time credit of 258 days was an element of the plea agreement. This agreement was taken before the District Judge of the 354th court; Richard Beacom on the 5th day of July. At that time the plea agreement by Judge R. Beacom to read that as part of the plea agreement reached between the attorney for the State of Texas, Mr. Littlefield and the defendant, Brian K. Melton punishment would be assessed at 20 years with 258 days time credit. No appeal was taken.

### II.

Upon transfer to Texas Department of Criminal Justice, said defendant was informed that due to both State and Federal law, that the 258 days time credit could not be honored, even though it was an element of the plea agreement, because it would pre-date the offense date. Defendant then tried to contact his attorney, R. Hopson and received no response. Defendant also wrote to the trial court and received no response. At that time, defendant filed an 11. 07, writ of Habeas Corpus. On January 8, 2003, Convicting court entered finding of facts and conclusions of law. In which they stated the following:

Presented to JUDGE
Returned unsigned
Date: 10-10-10
_____ Deputy

1 of 3

1:) Yes, the defendant was sentenced to 20 years with 258 days time credit as part of a plea agreement between the State of Texas and said defendant.

2:) Yes, the defendant is entitled to said 258 days time credit as it is an element of the plea agreement.

It was then stated that the 258 days time credit was a clerical error, and that a judgement Nunc Pro Tunc should be entered to change the defendants sentence. This has created a clerical error as the defendants holding sentence does not reflect terms of the plea agreement pronounced on the 5th day of July 2001. It is the defendants right under Tex. R. App. P. Rule 23.2 for written judgement to reflect judgement pronounced. The trial court did not have proper authority to grant judgement Nunc Pro Tunc on January 8, 2003. Under Tex. R. App. P. Rule 23.2, as there was clearly no clerical error to be corrected. The written judgement and judgement pronounced mirrored one another perfectly and both specifically addressed the time credit of 258 days.

## III.

The trial court can now enter judgement Nunc Pro Tunc to correct the clerical error in the judgement addressed above. As required under Tex. R. App. P., Rue 23.2, to reflect judgement as pronounced on the 5th day of July 2001. A defendant is required to seek a correction under Tex. R. App. P. Rule 23.2 from trial court before seeking relief from a higher authority. Ex Parte Pena, 171 S.W. 3D 336; 337 ( Tex. Crim. App. (2002). Ex Parte Ybarra, 149 S.W. 3D 147 (2004). Should the trial court fail to enter judgement Nunc Pro Tunc correcting clerical error, defendant would be left no choice but to seek relief from a higher authority.

## Conclusion.

The defendant, Brian Keith Melton, prose, has shown that a clerical error exists and that a Nunc Pro Tunc Judgement should be entered to correct said clerical error to reflect the judgement pronounced, as required under Tex. R. App. P., Rule 23.2. This is a ministerial duty.

## Prayer.

Wherefore, premise considered the defendant prays the court to GRANT this, prose, motion for Nunc Pro Tunc- order to show defendant to have the sentence of 20 years with 258 days time credit to commence on the 5th day of July 2001. The court should also order the clerk to send a copy of the Nunc Pro Tunc Judgement, to the records division of the Texas Department of Criminal Justice, the Parole Division, as well as a copy to the defendant.

Respectfully Submitted,

Date:

6-15-2010

<u>*Unsworn - Declaration*</u>

I, Brian Keith Melton, prose, being currently incarcerated at·the John B. Connally Unit In Karnes County, Texas, do hereby swear that the foregoing motion to enter Judgement Nunc Pro Tunc, is correct under the penalty of perjury.

Signed this _____ 15th _____ day of _____ June _____, 2010.

_____
Prose

Defendants Address:
Brian K. Melton #1052738
Connally Unit
899 F.M. 632
Kenedy, Tx. 78119

Exhibit "H"

Cause No. 20572

| | |
|---|---|
| **State of Texas** | § In the 354ᵗʰ |
| | District Court |
| | Hunt County, Tx. |
| **Vs.** | § |
| **Brian K. Melton, Prose** | § |

-------------------------------------------------------------------------------------

Motion to enter Nunc Pro Tunc order; Under Tx. R. App. P.; Rule 23.2
( Clerical Error )

-------------------------------------------------------------------------------------

To the Honorable Judge of said court: Now comes, Brian Keith Melton, prose, defendant in the above entitled and numbered cause and moves the court to enter the correct judgement of 20 years with 258 days time credit to commence on the 5ᵗʰ day of July 2001, as the terms of the plea agreement reached with the state, and in support of such motion shows:

**I.**

Defendant was charged with Burglary of Habitation, Texas penal code-30.02 with an offense date of __3-27-01__. The Defendant, Brian Keith Melton, defendants appointed attorney, Raymond Hopson, and the attorney for the state , Joel Littlefield reached a plea agreement of 20 years with 258 days time credit. Said time credit of 258 days was an element of the plea agreement. This agreement was taken before the District Judge of the 354ᵗʰ court; Richard Beacom on the 5ᵗʰ day of July. At that time the plea agreement by Judge R. Beacom to read that as part of the plea agreement reached between the attorney for the State of Texas, Mr. Littlefield and the defendant, Brian K. Melton punishment would be assessed at 20 years with 258 days time credit. No appeal was taken.

**II.**

Upon transfer to Texas Department of Criminal Justice, said defendant was informed that due to both State and Federal law, that the 258 days time credit could not be honored, even though it was an element of the plea agreement, because it would pre-date the offense date. Defendant then tried to contact his attorney, R. Hopson and received no response. Defendant also wrote to the trial court and received no response. At that time, defendant filed an 11. 07, writ of Habeas Corpus. On January 8, 2003, Convicting court entered finding of facts and conclusions of law. In which they stated the following:

1 of 3

1:) Yes, the defendant was sentenced to 20 years with 258 days time credit as part of a plea agreement between the State of Texas and said defendant.

2:) Yes, the defendant is entitled to said 258 days time credit as it is an element of the plea agreement.

It was then stated that the 258 days time credit was a clerical error, and that a judgement Nunc Pro Tunc should be entered to change the defendants sentence. This has created a clerical error as the defendants holding sentence does not reflect terms of the plea agreement pronounced on the 5th day of July 2001. It is the defendants right under Tex. R. App. P. Rule 23.2 for written judgement to reflect judgement pronounced. The trial court did not have proper authority to grant judgement Nunc Pro Tunc on January 8, 2003. Under Tex. R. App. P. Rule 23.2, as there was clearly no clerical error to be corrected. The written judgement and judgement pronounced mirrored one another perfectly and both specifically addressed the time credit of 258 days.

### III.

The trial court can now enter judgement Nunc Pro Tunc to correct the clerical error in the judgement addressed above. As required under Tex. R. App. P., Rue 23.2, to reflect judgement as pronounced on the 5th day of July 2001. A defendant is required to seek a correction under Tex. R. App. P. Rule 23.2 from trial court before seeking relief from a higher authority. Ex Parte Pena, 71 S.W. 3D 336; 337 ( Tex. Crim. App. (2002). Ex Parte Ybarra, 149 S.W. 3D 147 (2004). Should the trial court fail to enter judgement Nunc Pro Tunc correcting clerical error, defendant would be left no choice but to seek relief from a higher authority.

### Conclusion.

The defendant, Brian Keith Melton, prose, has shown that a clerical error exists and that a Nunc Pro Tunc Judgement should be entered to correct said clerical error to reflect the judgement pronounced, as required under Tex. R. App. P., Rule 23.2. This is a ministerial duty.

### Prayer.

Wherefore, premise considered the defendant prays the court to GRANT this, prose, motion for Nunc Pro Tunc- order to show defendant to have the sentence of 20 years with 258 days time credit to commence on the 5th day of July 2001. The court should also order the clerk to send a copy of the Nunc Pro Tunc Judgement, to the records division of the Texas Department of Criminal Justice, the Parole Division, as well as a copy to the defendant.

Respectfully Submitted,

Date:
6 - 15 - 2013

<u>Unsworn - Declaration</u>

I, Brian Keith Melton, prose, being currently incarcerated at the John B. Connally Unit In Karnes County, Texas, do hereby swear that the foregoing motion to enter Judgement Nunc Pro Tunc, is correct under the penalty of perjury.

Signed this ___15th___ day of ___June___, 2010.

_____
~~Prose~~

<u>Defendants Address:</u>
Brian K. Melton #1052738
Connally Unit
899 F.M. 632
Kenedy, Tx. 78119